James P. Murphy, #18125
**Lybeck Murphy, LLP**
7525 SE 24th Street, Ste. 500
Mercer Island, WA  98040-2334
206-230-4255 /phone
206-230-7791 /fax
jpm@lybeckmurphy.com
Attorney for Defendant

HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANLEY MARCUS GALYEAN,<br><br>Plaintiff,<br><br>v.<br><br>ONEWEST BANK FSB F/K/A INDYMAC FEDERAL BANK,<br><br>Defendant. | No. 2:10-cv-00827-MJP<br><br>**MOTION TO VACATE ORDER OF DEFAULT**<br><br>**NOTED FOR CONSIDERATION:**<br>**September 10, 2010** |

## I.  RELIEF REQUESTED

ONEWEST BANK, FSB (erroneously named in the complaint as "ONEWEST BANK FSB F/K/A INDYMAC FEDERAL BANK") respectfully moves the court pursuant to Fed.R.Civ.P. 55(c) and Fed.R.Civ.P. 60(b) to vacate and set aside this court's order entered August 9, 2010.  Plaintiff Stanley Galyean failed to serve a copy of the summons and complaint in this case upon OneWest.  Because service is defective, this court lacks personal jurisdiction over OneWest.  OneWest has a complete defense to all of the baseless allegations contained in Galyean's complaint.  If this action is properly commenced, OneWest requests the opportunity to defend all claims and seek dismissal of this frivolous action.  OneWest respectfully requests the

court to stay any consideration of Galyean's motion for entry of default judgment pending consideration of this motion to vacate.

## II.   FACTS

Stanley Galyean obtained a default order in this case by serving a Bellevue, Washington law firm that was not an agent of or authorized to accept service of process on behalf of OneWest. Galyean evidently misdirected his service because this Bellevue firm had filed a complaint for unlawful detainer against Galyean in Snohomish County Superior Court on behalf of an unrelated entity, Federal Home Loan Mortgage Corporation. Declaration of Janaya L. Carter, Exhibit 2. Routh Crabtree Olsen did not represent OneWest and was not its agent. Id.; Affidavit of Charles Boyle. OneWest was not a party to the state court action. Carter Dec., Exhibit 2.

On May 18, 2010 Galyean filed a complaint in this court against OneWest and alleged numerous causes of action. Dckt. No. 1. On May 27, 2010, Galyean delivered copies of his summons and complaint to Routh Crabtree Olsen. Dckt. No. 9, Exh. A.; Cater Dec.

Neither Routh Crabtree Olsen nor any of its lawyers represented OneWest or were authorized to accept service of a summons and complaint on behalf of OneWest Bank, FSB or any other entity. Carter Dec.; Boyle Affidavit. Following the delivery of Galyean's summons and complaint in this action, Routh Crabtree Olsen advised Galyean by letter dated June 29, 2010 that it did not represent OneWest Bank and could not accept service for that entity. Carter Dec., Exhibit 1.

OneWest was never served with a summons and complaint. Boyle Affidavit. OneWest never received any communications or notice of any kind from Routh Crabtree Olsen about Galyean's case or the purported service of process. Boyle Affidavit.

On July 6, 2010, Galyean filed a "Petition for No Answer Default". Dckt. No. 9. In it, Galyean indicated that he had provided his summons and complaint to Routh Crabtree Olson as the purported "agent" of OneWest. Dckt. No. 9 at p. 1.

On August 9, 2010, this court entered an order of default (signed Saturday, August 7, 2010) against OneWest in favor of Galyean. Dckt. No. 12. This court entered the order of default against OneWest on the basis that Routh Crabtree Olsen had been served and that the law firm "appeared" to be an "agent" of OneWest. Dckt. No. 12 at p. 1.

### III.   ARGUMENT

This court should set aside the August 9, 2010 order or default. Galyean failed to commence this action by obtaining service of process and as a result this court lacks personal jurisdiction over OneWest. "Judgment by default is a drastic step appropriate only in extreme circumstances: a case should whenever possible, be decided on the merits" Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). As recently recognized by the Ninth Circuit, the rules applicable to setting aside defaults are "solicitous toward movants." United States v. Signed Personal Check No. 730 of Yurbane Masley, __ F.3d __ , 2010 WL 3025014 at *1 (9th Cir. 2010).

The standard for setting aside an order of default under Fed.R.Civ.P. 55(c) is the same as the standard set forth in Fed.R.Civ.P. Rule 60(b). Signed Personal Check No. 730, __ F.3d __, 2010 WL 3025014 at *8. The federal rules allow a court to set aside an order of default for "good cause." Fed.R.Civ.P. 55(c). In determining good cause, the court considers three factors:

(1) Whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default;

(2) Whether [it] had [no] meritorious defense; or

(3) Whether reopening the default judgment would prejudice [the other party].

**MOTION TO VACATE ORDER OF DEFAULT - 3**

Franchise Holding II v. Huntington Rests. Group, Inc, 375 F.3d 922, 925-26 (9th Cir. 2004). Here, the order of default should be set aside because Galyean has failed to properly serve OneWest and this court lacks personal jurisdiction. This constitutes good cause to vacate the order pursuant to Fed.R.Civ.P. 55(c).

### A. Good Cause Exists to Vacate this Court's Order of August 9, 2010 Because this Court Lacks Personal Jurisdiction as a Result of Galyean's Failure to Serve a Summons and Complaint.

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. Omni Capital Int'l, Ltd. v. Wolff & Co., 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987).

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served. Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

Id. (internal citation and quotations omitted)

As the Ninth Circuit has explained, a federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4. Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982). Neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4. Jackson, 682 F.2d at 1347.

Fed.R.Civ.P. 4 requires that a corporation must either be served in the same manner prescribed for service on an individual, or in the case of a corporation

by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

Fed.R.Civ.P. 4 (h)(1)(B).

Fed.R.Civ.P. 4 provides for service on an individual in compliance with state law requirements for serving a summons in an action in a court of general jurisdiction in the state where the district court is located or where service is made. Fed.R.Civ.P. 4(e)(1). Washington Court Rule 4 requires that a suit against a corporation be served by delivering a copy of the summons and complaint to the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent. Wash. CR 4(e)(1).

In this case, it is undisputed that Galyean failed to serve his summons and complaint upon OneWest in compliance with both Fed.R.Civ.P. 4 and Washington law governing service. Galyean's delivery of a summons and complaint to a law firm representing an unrelated party in an unrelated state court action certainly does not constitute service on OneWest or substantial compliance with Fed.R.Civ.P. 4. Routh Crabtree Olsen did not represent OneWest. Declaration of Janaya L. Carter; Affidavit of Charles Boyle. Routh Crabtree Olsen was never authorized to accept service on behalf of OneWest. Id. In fact, OneWest was not even a party to the state court proceedings Routh Crabtree Olsen initiated against Galyean. Carter Dec. & Exhibit 2. Routh Crabtree Olsen had no communication with OneWest regarding Galyean's summons and complaint because the law firm did not represent OneWest. Id. Routh Crabtree Olsen informed Galyean by letter that it did not represent OneWest and could not accept

**MOTION TO VACATE ORDER OF DEFAULT - 5**

service on its behalf. Cater Dec., Exhibit 1. Routh Crabtree Olsen simply was not an "agent" of One West for the purpose or service of process, or for any other purpose. Boyle Affidavit; Carter Dec.

Because Galyean failed to properly serve both the summons and complaint upon OneWest Bank, this court lacks personal jurisdiction over it. The order of default should be vacated on this basis alone.

### B. Good Cause Exists for this Court to Vacate the August 9, 2010 Order Based on Improper Service.

As set forth above, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits. <u>Falk</u>, 739 F.2d at 463.[1] Here, good cause exists to vacate the order of default due to the lack of personal jurisdiction over OneWest based on Galyean's failure to properly serve it. But even if Galyean's service on a law firm representing an unrelated entity in an unrelated state court action could be viewed as satisfying the service requirements, an evaluation of the all the applicable factors for setting aside a default order establish good cause to vacate the order of default.

The factors applicable to a motion to set aside an order of default under Fed.R.Civ.P. 55(c) require this court to vacate the order: (1) OneWest is neither culpable nor responsible for Galyean's failure to properly serve the summons and complaint; (2) OneWest has a

---

[1] Notably, while the same test applies for motions seeking relief from default judgment under both Fed.R.Civ.P. 55(c) and Fed.R.Civ.P. 60(b) the test is more liberally applied in the context of rule 55(c). See <u>Signed Personal Check No. 730</u>. This is because in the context of rule Fed.R.Civ.P. 55, there is no interest in the finality of the judgment with which to contend. <u>Id</u>.; see also <u>Hawaii Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 513 (9th Cir. 1986).

meritorious defense to all of the claims contained in Galyean's complaint; and (3) unwinding the order of default entered just a short time ago will create no prejudice to Galyean.

      1.      OneWest Engaged in No Culpable Conduct Which Led to the Entry of Order of Default.

The record establishes that OneWest did not engage in any culpable conduct leading to the entry of the order of default. Galyean's motion for default asserted that he "served" the summons and complaint upon a law firm that was not an agent of OneWest and did not represent it. Cater Dec.; Boyle Affidavit. OneWest has never authorized Routh Crabtree Olsen to accept service of process on its behalf. Id. Routh Crabtree Olsen never notified or communicated with OneWest about Galyean's purported service of a summons and complaint. Id. Galyean's delivery of the summons and complaint to a law firm representing an unrelated party in an unrelated matter does not constitute proper service on OneWest. See Fed.R.Civ.P. 4(h)(1)(B).

Nor could Galyean have believed that his delivery of the those documents to Routh Crabtree Olsen somehow constituted proper service. Indeed, a lawyer for Routh Crabtree Olsen informed Galyean on June 29, 2010 that the firm did not represent OneWest and accordingly was not authorized to accept service. Carter Dec., Exhibit 1. Galyean knew this when he filed his "Petition for No Answer Default" on July 6, 2010. Dckt. No. 9. Immediately after learning of the order of default, OneWest retained the undersigned counsel to investigate and prepare this motion to vacate the order. Boyle Affidavit. There is no basis to conclude that OneWest engaged in any culpable conduct, and for this reason the order of default should be vacated.

### 2. OneWest Has Meritorious Defenses.

As set forth in the affidavit of Charles Boyle, OneWest has investigated and can establish a meritorious defense to all claims set forth in Galyean's complaint. Galyean's complaint is incomprehensible and fails to state a plausible claim for relief against OneWest. The complaint fails to articulate any specific facts concerning a wrong that OneWest allegedly committed. The complaint is so unclear as to prevent any reasonable person from understanding the basic problem. The United States Supreme Court has specified that this court may weed out lawsuits which, in the court's experience, simply defy common sense. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); see also Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 177 L.Ed.2d 868 (2009).

To the best OneWest can understand, Galyean obtained a mortgage from another unnamed lender that was secured by a certain piece of property. OneWest never loaned Galyean any money, did not violate provisions of RESPA or TILA, and is not attempting to pursue a foreclosure against him. Affidavit of Charles Boyle. OneWest was not responsible for the sale of Galyean's real property, or the underwriting or placement of his residential loan with a lender. Id. Nor did OneWest "securitize" any loan involving him. Id. OneWest did not engage in any of the various activities that he claims constitute "fraud," and certainly has not conspired with unnamed other entities or violated the law. Id. Galyean simply has no basis to assert any claims of fraud, breach of asserted "fiduciary duties", negligence, violations of statutes or intentional infliction of emotional distress against OneWest. Id. Because OneWest has numerous meritorious defenses to all of Galyean's baseless claims, the order of default should be vacated.

3. Vacating the August 9, 2010 Order of Default Will Create No Prejudice to Galyean.

This court just entered the order of default against OneWest in this action. Unwinding the order of default will create no prejudice to Galyean whatsoever. Galyean knew his service was improper before he filed his request for default order and can hardly claim prejudice. Carter Dec., Exhibit 1; Dckt. No. 9. Immediately upon learning of the order of default on August 16, 2010, OneWest retained Lybeck Murphy and directed it to investigate and prepare this motion to vacate. Boyle Affidavit. Galyean will suffer no prejudice having the August 9, 2010 order vacated.

C. **This Court Should Stay Consideration of Galyean's Motion for Entry of Default Judgment Pending Resolution of OneWest's Motion to Vacate.**

As set forth above, OneWest retained counsel and entered a notice of appearance and intent to file a motion for vacate the order of default immediately upon learning that it had been entered. Dckt. No. 15. Galyean has since filed a motion for entry of default judgment. Dckt. No. 16. OneWest respectfully requests the court to stay its consideration of that motion pending resolution of OneWest's motion to vacate the order of default.

### III.   CONCLUSION

Lack of service of process deprives this court of personal jurisdiction and invalidates this court's order entered on August 9, 2010. OneWest respectfully requests this court to vacate the order of default and strike Galyean's motion for entry of default judgment as moot.

Respectfully submitted this 20th day of August, 2010.

LYBECK MURPHY, LLP

By: ____/s/ James P. Murphy_____
James P. Murphy (WSBA #18125)
Attorney for defendant OneWest Bank, FSB
**Lybeck Murphy, LLP**
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334

1
2
                                    206-230-4255 /phone
                                    206-230-7791 /fax
                                    jpm@lybeckmurphy.com

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**MOTION TO VACATE ORDER OF DEFAULT - 10**

Lybeck❖Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA  98040-2334
206-230-4255  Fax 206-230-7791

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

### DECLARATION OF SERVICE

I hereby certify and declare that on the 20th day of August, 2010, I electronically filed the foregoing **MOTION TO VACATE ORDER OF DEFAULT; DECLARATION OF JANAYA L. CARTER with Exhibits; and AFFIDAVIT OF CHARLES BOYLE** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record who are registered as CM/ECF participants for electronic notification.

On August 20, 2010, I placed in the United States mail a copy of the documents referenced above to plaintiff Stanley Marcus Galyean, pro se, at his the address of record with this court:  PO Box 396, Lake Stevens, WA 98258.

DATED at Mercer Island, Washington, this 20th day of August, 2010.

_____/s/ James P. Murphy_____
James P. Murphy (WSBA #18125)
Attorney for Defendant
Lybeck Murphy, LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040
(206) 230-4255 /phone
(206) 230-7791 /fax
jpm@lybeckmurphy.com