UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANLEY MARCUS GALYEAN,<br><br>Plaintiff,<br><br>v.<br><br>ONE WEST BANK FSB, f/k/a INDYMAC BANK F.S.B.,<br><br>Defendant. | CASE NO. C10-827 MJP<br><br>ORDER VACATING DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on OneWest Bank FSB's ("OneWest") motion to set aside the entry of default (Dkt. No. 17) and Plaintiff's motion for default judgment (Dkt. No. 16). Having reviewed the motions, the responses (Dkt. Nos. 20, 22), the reply (Dkt. No. 26), and all papers submitted with the briefing, the Court GRANTS OneWest's motion to vacate the entry of default and DENIES Plaintiff's motion for default judgment and motion to compel entry of default judgment (Dkt. Nos. 16, 20).

\\
\\

ORDER VACATING DEFAULT AND DENYING
PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT- 1

**Background**

Plaintiff Stanley Marcus Galyean filed a complaint against OneWest on May 20, 2010 and filed a certificate of service on June 18, 2010. (Dkt. Nos. 5, 7.) The proof of service stated that OneWest had been served by delivery of the summons and a copy of the complaint to Routh Crabtree Olsen, P.S. on May 27, 2010. (Dkt. No. 7 at 2.) On July 6, 2010, Plaintiff filed a motion for default, which included as an exhibit a letter from Routh Crabtree to Plaintiff stating that it was "working with Indy Mac Bank – CA to help you keep your home." (Dkt. No. 9 at 5.) The Court concluded that "[f]rom the documents submitted, service was proper as it appears Routh Crabtree Olsen P.S. is an agent of Defendant." (Dkt. No. 12 at 1.) The Court granted the motion for entry of default. (<u>Id.</u>)

Plaintiff filed a motion for default judgment on August 18, 2010 and the following day Defendant filed a notice of appearance. (Dkt. Nos. 15, 16.) Defendant filed its motion to vacate the entry of default on August 20, 2010. (Dkt. No. 17.) Plaintiff has since filed a plethora of motions: (1) a motion to compel order for judgment, which is essentially a response to Defendant's motion to vacate (Dkt. No. 20), (2) a motion to appoint counsel and issue and serve all process (Dkt. No. 21), (3) a motion for the Court to freeze all bank accounts of defendants (Dkt. No. 23), (4) a motion to serve all defendants (Dkt. No.24), and (5) a motion for relief and notice to the court that Plaintiff will be out of the country (Dkt. No. 30).

**Analysis**

A.   <u>Motion to Vacate</u>

Defendant argues that it did not receive proper service and that the Court should accordingly set aside entry of default. Defendant's request is proper.

1    Federal Rule of Civil Procedure 55(c) states that "the court may set aside an entry of
2 default for good cause." "To determine 'good cause', a court must 'consider[ ] three factors: (1)
3 whether [the party seeking to set aside the default] engaged in culpable conduct that led to the
4 default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default
5 judgment would prejudice' the other party." <u>United States v. Signed Personal Check No. 730 of
6 Yubran S. Mesle</u>, ___ F.3d ___, 2010 WL 3025014, at *3 (9th Cir. Aug. 4, 2010) (quoting
7 <u>Franchise Holding II v. Huntington Rests. Group, Inc.</u>, 375 F.3d 922, 925-26 (9th Cir. 2004)).
8 "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse
9 to set aside the default." <u>Id.</u>

10    Defendant argues that good cause exists because service of process was not proper.
11 Service of process on a corporation must be done either in accordance with state law or by
12 delivering a copy of the summons to "an officer, a managing or general agent, or any other agent
13 authorized by appointment or by law to receive service of process. . . ." Fed. R. Civ. P. 4(g)(1).
14 As relevant to this case, Washington requires service on a corporation to be done by delivering a
15 copy of the summons and complaint to the president or head of the company or corporation, the
16 registered agent, or managing agent. RCW 4.28.080(8), (9). Here, Plaintiff served his complaint
17 on the law firm of Routh Crabtree, which is not a named party, but was identified in Plaintiff's
18 motion for default as working with Indy Mac, the named predecessor to OneWest. Defendant
19 has explained, however, that Routh Crabtree is not an agent authorized to receive service of
20 process for OneWest and it is not a managing agent. OneWest has filed an affidavit stating that
21 it was never served and that Routh Crabtree was not and has not been an agent who can receive
22 service of process on behalf of OneWest. (Dkt. No. 18 at 2.) Plaintiff argues that Routh
23 Crabtree had a fiduciary duty to notify OneWest, but he fails to provide any evidence showing
24

ORDER VACATING DEFAULT AND DENYING
PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT- 3

1 | that Routh Crabtree is an agent of OneWest who is qualified to receive service on its behalf.

2 | (See Dkt. No. 20 at 4.) The Court finds that service of process was defective. The Court finds

3 | that good cause exists to set aside default and GRANTS Defendant's motion.

4 |      Because the Court sets aside the entry of default, the Court DENIES Plaintiff's motion

5 | for default judgment and the motion to compel an order for default judgment. (Dkt. Nos. 16, 20.)

6 | Defendant has now appeared in the action and entry of default judgment would be improper.

7 |      The Clerk is directed to send a copy of this order to all pro se parties and counsel of

8 | record.

9 |      Dated this 29th day of September, 2010.

*[signature]*

Marsha J. Pechman
United States District Judge

ORDER VACATING DEFAULT AND DENYING
PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT- 4