UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANLEY MARCUS GALYEAN,<br><br>Plaintiff,<br><br>v.<br><br>ONEWEST BANK FSB F/K/A INDYMAC FEDERAL BANK,<br><br>Defendant. | CASE NO. C10-827 MJP<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant's motion to dismiss. (Dkt. No. 39.) Having reviewed the motion, the reply (Dkt. No. 42), and all supporting papers, and noting the absence of a response, the Court GRANTS the motion and DISMISSES the complaint. In reviewing the motion, the Court considers Plaintiff's failure to respond as an admission the motion has merit. Local Rule CR 7(b)(2).

**Background**

Plaintiff, pro se, filed suit against "OneWest Bank FSB f/k/a IndyMac Federal Bank," asserting six causes of action: (1) breach of fiduciary duty; (2) negligence; (3) common law fraud

by agency; (4) breach of implied covenant of good faith and fair dealing; (5) violations of the Truth in Lending Act, 15 U.S.C. § 1601; and (6) intentional infliction of emotional distress. (Dkt. No. 1-3 at 28-32.)  Plaintiff seeks compensatory/consequential damages, declaratory relief, and injunction relief.  (Id. 7-8.)

Plaintiff acquired a loan from IndyMac Bank, F.S.B. in December 2007, for a parcel of real property at 3315 97th Drive SE, Everett, Washington 98205.  (Murphy Decl. Ex. A (Deed of Trust).)  IndyMac is not a named party.  Instead, Plaintiff names OneWest as the successor in interest to IndyMac.  IndyMac is currently in receivership pursuant to the FDIC.  An assistant vice president at OneWest states that OneWest did not lend money to Plaintiff or securitize any loan entered into by Plaintiff.  (Boyle Decl. ¶¶ 8-9.)  The Deed of Trust lists IndyMac as the lender, and nowhere is OneWest listed as a party to the loan.  The Trustee Sale was undertaken by Northwest Trustees Services, Inc. on October 9, 2009, and the sale did not include OneWest.

Nowhere has Plaintiff explained the relationship between OneWest and IndyMac except by naming OneWest as a successor, i.e. "ONE WEST F.S.B. [sic] formerly INDYMAC FEDERAL BANK."  (Complaint at 1.)  OneWest moves for dismissal on the theory that it is not a proper party and that the substance of Plaintiff's claims are without merit.

**Analysis**

A.   Standard

On a Rule 12(b)(6) motion to dismiss, the Court must assess the viability of the Complaint.  Dismissal is appropriate where a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged."

1  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); see also Moss v. United States Secret Serv., 572

2  F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-

3  conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

4  suggestive of a claim entitling the plaintiff to relief.") (citing Iqbal, 129 S. Ct. at 1949).  The

5  Court must accept Plaintiffs' factual allegations as true, but need not accord the same deference

6  to legal conclusions.  Iqbal, 129 S. Ct. at 1949-150 (citing Twombly, 550 U.S. at 555).  To the

7  extent documents referenced in a complaint contradict a plaintiff's conclusory allegations, the

8  Court is not required to accept those allegations as true.  Steckman v. Hart Brewing, Inc., 143

9  F.3d 1293, 1295-96 (9th Cir. 1998).

10  B.     Judicial Notice

11         OneWest asks the Court to take judicial notice of the recorded Deed of Trust and the

12  Trustee's Deed on the subject property, as well as the fact that IndyMac is in receivership.  (Dkt.

13  No. 39 at 3 n.3.)  In deciding whether to dismiss a claim under Fed. R. Civ. P. 12(b)(6), a court

14  may look beyond the plaintiff's complaint to matters of public record.  Shaw v. Hahn, 56 F.3d

15  1128, 1129 n.1. (9th Cir. 1995).  When ruling on a motion to dismiss, a court may consider

16  documents central to the allegations in a complaint even if the documents are not attached to the

17  complaint if the authenticity of the documents is undisputed.  Branch v. Tunnell, 14 F.3d 449,

18  454 (9th Cir.1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d

19  111 (9th Cir. 2002).

20         Here, the Deed of Trust and Trustee's Deed have elsewhere been filed by Plaintiff and

21  are integral to Plaintiff's complaint.  The Court takes notice of them.  See Kelley v. Mortgage

22  Elec. Registration Sys., Inc., 642 F. Supp. 2d 1048, 1053 (N.D. Cal. 2009) (taking notice of a

23

24

1  deed of trust and a promissory note). The Court also takes notice of the fact that IndyMac is in
2  receivership, a fact that is a matter of public record.

3  C.     Incorrect Party

4        OneWest asks the Court to dismiss Plaintiff's complaint on the theory that it is not a
5  proper party. The Court agrees.

6        Plaintiff names OneWest as the successor entity to IndyMac without any explanation as
7  to why it is a successor in interest and how it is liable for any of the acts purportedly taken
8  against Plaintiff. IndyMac is the entity named as the lender in the complaint and its name
9  appears on the foreclosure related documents. Several other entities are listed as defendants in
10 the complaint, but Plaintiff has not named any of them as defendants. Even if the Court
11 presumes that OneWest acquired Plaintiff's loan as a successor to IndyMac, Plaintiff has not
12 explained or suggested how OneWest is liable for the acts of IndyMac. There is no theory of
13 successor liability or factual allegations to support the claims asserted against OneWest. Plaintiff
14 has failed to make this connection and it is fatal to his claims against OneWest.

15       Because OneWest is not a proper party, the Court DISMISSES all of the claims against
16 it. For the sake of completeness, the Court also considers several other arguments Defendant
17 proposes as a basis for dismissal.

18 D.     Economic Loss Rule

19       Plaintiff's claims for negligence and breach of implied covenant of good faith and fair
20 dealing that seek economic damages are barred by the economic loss rule. Washington applies
21 the economic loss rule to prohibit a plaintiff from recovering in tort where the entitlement to
22 economic damages flows only from contract. Alejandre v. Bull, 159 Wn.2d 674, 681 (2007).
23 "[T]he purpose of the economic loss rule is to bar recovery for alleged breach of tort duties
24

ORDER ON DEFENDANT'S MOTION TO
DISMISS- 4

1 | where a contractual relationship exists and the losses are economic losses." Id. at 683.

2 | However, the economic loss rule does not apply to claims of fraud. See id. at 689.

3 |       Here, the relationship between IndyMac (and possibly OneWest) and Plaintiff is

4 | governed by contract.  Because a contract exists between the lender and Plaintiff, Plaintiff is

5 | bound to pursue only contractual remedies flowing from the contract for purely economic

6 | damages.  Plaintiff's negligence claim is barred by the economic loss doctrine to the extent

7 | Plaintiff seeks economic damages from the claim.  Plaintiff's good faith and fair dealing claim is

8 | also be barred, not only because of the economic loss rule, but because this duty applies only to

9 | the Trustee—not the lender (assuming this is OneWest).  See Cox v. Helenius, 103 Wn.2d 383,

10 | 388-89 (1985).  These are separate reasons for dismissal of these two claims.

11 | E.      Fraud

12 |       Defendant correctly argues that Plaintiff's fraud claim fails to satisfy Federal Rule of

13 | Civil Procedure 9(b).

14 |       Under Rule 9(b), claims of fraud must be plead with particularity, showing "the

15 | circumstances constituting the fraud." Fed. R. Civ. P. 9(b).  Plaintiff must allege the "who, what,

16 | when, where, and how" of the purported fraud.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097,

17 | 1106 (9th Cir. 2003) (internal quotation omitted).  Plaintiff must also allege what the statements

18 | at issue were, what about them is false or misleading, and why they are false.  Id.

19 |       Nowhere does Plaintiff set forth the statements or representations he believes constitute

20 | fraud.  The complaint lacks allegations as to the "who, what, when, where, and how" of the

21 | fraud.  In particular, Plaintiff fails to set forth any action taken by OneWest, as opposed to

22 | IndyMac, that could potentially amount to fraud.  The fraud claim is utterly deficient.  This is a

23 | separate reason for dismissal of Plaintiff's fraud claim.

24 |

ORDER ON DEFENDANT'S MOTION TO
DISMISS- 5

F.  Breach of Fiduciary Duty

Plaintiff has failed to allege how Defendant OneWest owes him a duty that has been breached. Washington law requires Plaintiff to show that the defendant owed him a duty that was breached and that caused Plaintiff injury. Hansen v. Friend, 118 Wn.2d 476, 479 (1992). Plaintiff has not shown that OneWest lent him money or that any relationship exists between OneWest and Plaintiff that might give rise to a fiduciary duty. This is a separate reason to dismiss this claim.

G.  Intentional Infliction of Emotional Distress

Plaintiff's claim for intentional infliction of emotional distress is inadequately pleaded. This claim requires Plaintiff to establish: "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress on the part of the plaintiff." Reid v. Pierce County, 136 Wn.2d 195, 202 (1998). Mere negligence is not sufficient. Id. Plaintiff has failed to provide any substantive factual allegation supporting his bare assertion that OneWest engaged in outrageous conduct. There is nothing in the complaint that comes close to alleging OneWest engaged in conduct that "go[es] beyond all possible bounds of decency." Id. (quoting Grimsby v. Samson, 85 Wn.2d 52, 59-60 (1975)). The simple recitation of the elements of this claim without meaningful factual allegations renders this claim deficient.

H.  TILA

Plaintiff asks for rescission under the Truth in Lending Act ("TILA"). The claim is inadequately pleaded.

The Court has the discretion to condition rescission on Plaintiff's ability to tender and pay back what he received from the Bank. Yamamoto v. Bank of New York, 329 F.3d 1167,

1171 (9th Cir. 2003). Some courts have required a plaintiff to state that he can or will tender the borrowed funds back to the lender. See Edelman v. Bank of America, No. SACV 09-00309-CJC (MLGx), 2009 WL 1285858, at *2 (C.D. Cal. Apr. 17, 2009); ING Bank v. Korn, No. C09-124Z, 2009 WL 1455488, at *1 (W.D. Wash. May 22, 2009) (Zilly, J.). The Court agrees and requires Plaintiff to state that he can or will tender the borrowed funds back to the lender. Plaintiff has nowhere alleged that he can or will tender back what he received. This is a separate reason for dismissal for Plaintiff's TILA claim.

## Conclusion

Plaintiff's complaint does not state sufficient allegations against OneWest. OneWest is not a proper party to the action as alleged in the complaint. This alone provides sufficient basis to grant Defendant's motion and dismiss the complaint. Additionally, Plaintiff's negligence and good faith claims seeking economic damages are barred by the economic loss rule. Plaintiff has also failed to allege adequate facts to sustain his breach of fiduciary duty and intentional infliction of emotion distress claims. Plaintiff's fraud claim lacks sufficient allegations and particularity to satisfy Rule 9(b). Plaintiff's TILA claim separately fails because Plaintiff has made no showing that he can or will tender the borrowed funds back to the lender. The Court GRANTS Defendants' motion and DISMISSES the complaint.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 9th day of December, 2010.

Marsha J. Pechman
United States District Judge