UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANLEY MARCUS GALYEAN,<br><br>Plaintiff,<br><br>v.<br><br>ONEWEST BANK FSB F/K/A INDYMAC FEDERAL BANK,<br><br>Defendant. | CASE NO. 2:10-cv-00827-MJP<br><br>ORDER ON MOTION FOR LEAVE TO FILE AMENDED PLEADING |

This matter comes before the Court on Plaintiff's motion for leave to file amended pleading. (Dkt. No. 45.) Having reviewed the motion, the response (Dkt. No. 46), and all related papers, the Court DENIES the motion.

**Background**

Plaintiff brought suit against "OneWest Bank FSB f/k/a IndyMac Federal Bank," in response to the foreclosure of a parcel of real property he acquired with a loan from IndyMac Bank, F.S.B. in December 2000. (Murphy Decl. Ex. A (Deed of Trust).) He asserted six causes of action: (1) breach of fiduciary duty; (2) negligence; (3) common law fraud by agency; (4) breach of implied covenant of good faith and fair dealing; (5) violations of the Truth in Lending

ORDER ON MOTION FOR LEAVE TO FILE
AMENDED PLEADING- 1

Act, 15 U.S.C. § 1601; and (6) intentional infliction of emotional distress. (Dkt. No. 1-3 at 28–32.) IndyMac is now in receivership with the FDIC. Plaintiff considered OneWest to be the successor in interest to IndyMac, so he named OneWest as Defendant. Id.

On December 9, 2010, the Court granted Defendant's motion to dismiss, finding that Plaintiff did not adequately show why OneWest was a successor in interest, or explain why OneWest should be liable for IndyMac's actions. (Dkt. No. 44 at 4.) In addition, the order promulgates separate grounds for dismissal of each claim. (Id. at 4–7.) On the same day the Court dismissed Plaintiff's case, Plaintiff filed this motion, with a supporting memorandum. As a result, this motion does not specifically address the Court's order of dismissal.

**Analysis**

A.   Standard

Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because OneWest has not given written consent, Plaintiff must obtain leave from the Court to amend. (Dkt. Nos. 15–19, 25, 26–28, 31–33, 39–40, 42–43, 46.) If the proposed amendment will make no difference to the outcome of the case, the Court should deny the request. See Gordon v. City of Oakland, --- F.3d ---, 2010 WL 4673695, at *2 (9th Cir. Nov. 19, 2010) (holding that "if a proposed amendment is futile or legally insufficient, the Court should not grant leave"). A proposed amendment is futile if "no set of facts can be provided under the amendment to the pleading that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

In assessing futility, the Court does not hold Plaintiff's motion to the same standards as it would the proposed amended complaint. Lopez v. Smith, 203 F.3d 1122, 1124–27 (9th Cir.

2000). However, the motion does need to "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B).

B.  New Information

In his motion, Plaintiff asserts that there is "information made available from many sources since the original complaint was files [sic]… Plaintiff does not have ready access to the recourses [sic] available to the Defendants [sic]." (Dkt. No. 45 at 2.) This bare assertion is insufficient to obtain leave to amend because Plaintiff makes no effort to clarify what this new information is, or how he will use it. Plaintiff has not shown how he can cure the defects that the order of dismissal identified in his complaint.

C.  More Definite Statement & Other Evidence to Support Claims

Plaintiff seeks to add "More definite Statement In Relation Plaintiff Causes of Action," and "Other evidence to support claims." (Dkt. No. 45 at 2 (capitalizations in original).) Even assuming that his fraud, breach of fiduciary duty, and intentional infliction of emotional distress claims become properly supported, Plaintiff still does not seek to explain how OneWest is a proper party. (Dkt. No. 45.) There is no indication that the proposed amendment would be directed at the Defendant's status. This is not sufficient to address the Court's order of dismissal.

D.  Exhibits More Accurately Identifies the Parties & Proof of Misleading Statements

Plaintiff also offers to add "Exhibits more accurately identifies the parties" and "Submit to the court proof that defendants and their attorneys were providing misleading statements as to the status of Defendants in this suit." (Dkt. No. 45 at 2 (capitalizations in original).) However, the exhibit offered by Plaintiff (Exhibit A) only reiterates that a relationship exists between two non-parties Routh Crabtree Olsen, P.S., and Northwest Trustee Services, Inc. There are no indicia in his motion that he intends to address why OneWest is a proper party. Instead, his

1  motion implies that Plaintiff is concerned about the identities of two irrelevant parties, not with

2  the identity of the proper defendant. This is inadequate to show Plaintiff's ability to remedy the

3  legal deficiencies in his complaint.

## Conclusion

As the Court previously held, Plaintiff fails to name the proper defendant, and fails to state plausible claims for relief. (See Dkt. No. 44.) Plaintiff's motion does not indicate that he has any evidence to remedy these problems. The Court DENIES the motion for leave to amend.

The clerk is ordered to provide copies of this order to all pro se parties and counsel.

Dated this 20th day of January, 2011.

Marsha J. Pechman
United States District Judge