1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

STANLEY MARCUS GALYEAN,

CASE NO. C10-827 MJP

11

Plaintiff,

ORDER DENYING PLAINTIFF'S
MOTION TO REOPEN CASE

12

v.

13

ONE WEST FSB,

14

Defendant.

15

16

THIS MATTER comes before the Court on Plaintiff Stanley Marcus Galyean's motion to

17

reopen his suit against Defendant One West FSB.  (Dkt. No. 48.)  Having reviewed the motion

18

and the related record, the Court hereby DENIES the motion.

19

**Background**

20

Plaintiff commenced this suit on May 18, 2010 asserting the following claims against

21

Defendant: (1) breach of fiduciary duty; (2) negligence; (3) common law fraud by agency; (4)

22

breach of the implied covenant of good faith and fair dealing; (5) violations of the Truth in

23

Lending Act, ("TILA"), 15 U.S.C. §1601; and (6) intentional infliction of emotional distress.

24

(Dkt. No. 1-3 at 28-32.)  On December 9, 2010, the Court granted Defendant's motion to dismiss

ORDER DENYING PLAINTIFF'S MOTION TO
REOPEN CASE- 1

1   and dismissed all of Plaintiff's claims.  (Dkt. No. 44 at 7.)   The Court dismissed Plaintiff's TILA

2   claim for two reasons: (1) Plaintiff alleged no facts that showed it was plausible that Defendant

3   was a proper party to the action; and (2) Plaintiff failed to allege that he could or would tender

4   back borrowed funds to the lender.  (Id. at 4-7.)  Plaintiff now moves to reopen his case under

5   Federal Rule of Civil Procedure 60(b)(5)–(6), on the grounds that a recent Supreme Court

6   opinion changed the law relevant to his TILA claim. (Dkt. No. 48.)

7   **Discussion**

8   **I.**      **Motion to Reopen**

9       **A.**      **Legal Standard**

10       Federal Rule of Civil Procedure 60 allows a party to move for relief from a final

11   judgment, order or proceeding for several reasons, such as: (1) if applying the judgment

12   prospectively is no longer equitable; or (2) any other reason that justifies relief.  Fed. R. Civ. P.

13   60(b)(5)–(6). Relief requested under the catchall provision, Fed. R. Civ. P. 60(b)(6), is reserved

14   for extraordinary circumstances. Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981).

15       **B.**      **Plaintiff's Motion**

16       Plaintiff argues the Supreme Court's opinion in Jesinoski v. Countrywide Home Loans,

17   Inc., 135 S.Ct. 790 (2015) clarifies that Plaintiff was not required to plead ability to tender in

18   order to state a claim under TILA.  (Dkt. No. 48 at 1–3.)  However, even if the law relevant to

19   Plaintiff's TILA claim has changed, the Court's dismissal of Plaintiff's complaint, and all claims

20   therein including Plaintiff's TILA claim, would still be proper.  The Court dismissed Plaintiff's

21   complaint for the independent reason that Plaintiff failed to allege facts that showed it was

22   plausible that Defendant was a proper party to the suit. (Dkt. No. 44 at 4.)  Plaintiff does not

23

24

ORDER DENYING PLAINTIFF'S MOTION TO
REOPEN CASE- 2

1   show this finding was in error and, therefore, fails to show there are grounds to reopen his case

2   under Fed. R. Civ. P. 60(b)(5)–(6).

3                                            **Conclusion**

4          Because Plaintiff fails to show there are grounds to reopen his case under Fed. R. Civ. P.

5   60(b)(5)–(6), the Court DENIES Plaintiff's motion.

6          The clerk is ordered to provide copies of this order to all counsel.

7          Dated this 13th day of April, 2015.

8

9                                                 Marsha J. Pechman
                                                  United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING PLAINTIFF'S MOTION TO
REOPEN CASE- 3